# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| Ninilchik Traditional Council, ) | |
|     Plaintiff, ) | 3:15-cv-00205 JWS |
|     vs. ) | ORDER AND OPINION |
| Tim Towarak, *et al.*, ) | [Re: Motion at Docket 22] |
|     Defendants. ) | |

## I. MOTION PRESENTED

At docket 22 plaintiff Ninilchik Traditional Council ("NTC") moves for the court to take judicial notice of various documents pursuant to D.Ak. L.R. 7.1(c) and (d). At docket 29 Defendants oppose NTC's motion only as to NTC's Exhibit 8, the Ninth Circuit's unpublished decision in *Ninilchik Traditional Council v. United States*, 152 F.3d 928 tbl. (9th Cir. 1998) ("*Ninilchik*"). NTC replies at docket 33.

Oral argument was not requested and would not assist the court.

## II. DISCUSSION

According to Ninth Circuit Rule 36-3(c), unpublished decisions issued before January 1, 2007, generally may not be cited to the courts of this circuit. NTC argues that this court should nonetheless take judicial notice of *Ninilchik*, relying on three

authorities.  First, an exception to Ninth Circuit Rule 36-3(c) exists for cases that are cited for "factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case."[1]  Second, Federal Rule of Evidence 201 allows courts to take judicial notice of "adjudicative facts" but not "legislative facts."  The advisory committee's notes define "adjudicative facts" as "the facts of the particular case," and "legislative facts" as "those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body."[2]  Third, a court may take judicial notice of facts from its own records in other cases.[3]

If NTC were offering *Ninilchik* to establish a relevant fact in this case, such as the existence of a decision relevant to whether res judicata applies here, its argument would be valid.  But NTC is clearly offering *Ninilchik* for persuasive, not factual, purposes.[4]  NTC's argument to the contrary, that it is offering the case "to demonstrate

---

[1] Ninth Circuit Rule 36-3(c)(ii).

[2] Fed. R. Evid. 201 advisory committee's notes to 1972 proposed rules.

[3] D.Ak. L.R. 7.1(c)(2) (allowing parties to cite the contents of case files within the District of Alaska to establish that other proceedings have taken place, that the same or similar claims have been raised and adjudicated, or "like or similar matters.").  *See also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.") (citing *Kasey v. Molybdenum Corp. of Am.*, 336 F.2d 560, 563 (9th Cir. 1964) (the court took judicial notice of a previous decision "for a better understanding of the complicated factual situation [t]here existing.")).

[4] Doc. 21 at 10 n.8 (NTC argues that "[t]he Ninth Circuit has also rejected the argument that an RFR is an absolute prerequisite to subject matter jurisdiction under §807 even when the plaintiff was aggrieved by the FSB action under litigation and had, but did not exercise, the opportunity to file an RFR pursuant to FSB regulations.  See Exhibit 8, *Ninilchik Traditional Council et al. v. United States*, 152 F.3d 928 (9th Cir. 1998) (unpublished decision).").

as a matter of fact that a federal court has waived the section 807 exhaustion requirement,"[5] has been rejected by the Ninth Circuit.[6]

### III. CONCLUSION

Based on the preceding discussion, NTC's motion at docket 22 is **GRANTED IN PART AND DENIED IN PART**. NTC's request for the court to take judicial notice of *Ninilchik Traditional Council v. United States*, 152 F.3d 928 tbl. (9th Cir. 1998) is **DENIED**; in all other respects NTC's motion is **GRANTED.**

DATED this 8th day of April 2016.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Doc. 33 at 3.

[6] *Sorchini v. City of Covina*, 250 F.3d 706, 708 (9th Cir. 2001) ("If precedent were a 'fact' for purposes of the exception [to Ninth Circuit Rule 36-3(c)], then the exception would swallow up the rule. It would permit an argument such as this: 'I am not citing this unpublished disposition as precedent, but only to inform the court of the fact that a prior panel held precisely what I would like the court to hold in my case.' Obviously, this is not what the exception was meant to permit.").